Cristofer Leffler (CA SBN 208129)
cris.leffler@foliolaw.com
David Schumann (CA SBN 223936)
david.schumann@foliolaw.com
Michael Saunders (CA SBN 270414)
mike.saunders@foliolaw.com
Alden K. Lee (CA SBN 257973)
alden.lee@foliolaw.com
FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Telephone: (206) 880-1802

Peter W. Ross, (CA SBN 109741)
ROSS LLP
1900 Avenue of the Stars, Suite 1225
Los Angeles, CA 90067
pross@rossllp.la
Telephone: (424) 704-5600

*Attorneys for Plaintiff*

Amy K. Wigmore, pro hac vice
   amy.wigmore@wilmerhale.com
Joshua L. Stern, pro hac vice
   joshua.stern@wilmerhale.com
WILMER CUTLER PICKERING
   HALE & DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 663-6000

James Dowd (SBN 259578)
   james.dowd@wilmerhale.com
Vikram Iyer (SBN 318324)
   vikram.iyer@wilmerhale.com
WILMER CUTLER PICKERING
   HALE & DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel.: (213) 443-5300

[Counsel appearance continues on next page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BRAINGUARD TECHNOLOGIES, INC.,<br><br>           Plaintiff,<br>   v.<br><br>REVELYST SALES LLC,<br><br>           Defendant. | Case No.: 8:24-cv-2652-JWH-ADS<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge: John W. Holcomb<br><br>**[Discovery Document: Referred to Magistrate Judge Autumn Spaeth]**<br><br>**JURY TRIAL DEMANDED** |

Madeleine C. Laupheimer, *pro hac vice*
madeleine.laupheimer@wilmerhale.com
WILMER CUTLER PICKERING
  HALE & DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000

*Attorneys for Defendant*
Revelyst Sales LLC

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, the parties hereby jointly stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that the Order is consistent with L.R. 79-5. It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and it does not presumptively entitle parties to file confidential information under seal.

2.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, proprietary, and/or personally identifiable information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order

for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    "CONFIDENTIAL" AND "ATTORNEYS' EYES ONLY" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a)    sensitive technical information relating to research, development, marketing, manufacture, and production of products; and

(b)    sensitive technical, business, and research information regarding the Parties' respective products.

"Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged that a party deems proprietary business information including:

(a)    highly sensitive or competitive financial, customer, or marketing information, including, but not limited to, marketing plans, and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; and

(b)    highly sensitive information regarding research, development, marking, manufacture, and production of products; and

(c)    highly sensitive strategies, trade secrets, research, marketing, production, and cost information.

4.    SCOPE

All Confidential and Attorneys' Eyes Only material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.

Confidential and Attorneys' Eyes Only material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

The protections conferred by this Order cover not only Confidential material and Attorneys' Eyes Only material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this Order do not cover information that (1) is in the public domain or becomes part of the public domain as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise, (2) with respect to access by a receiving party, is independently known to the receiving party or is known to have been independently developed by such receiving party prior to its production herein or without use or benefit of the information, (3) is obtained outside of this action by the receiving party without having been designated "Confidential" or "Attorneys' Eyes Only" (provided, however, that this provision does not negate any pre-existing obligation of confidentiality), (4) with respect to access by a receiving party, is obtained by the receiving party from a non-party having the right to disclose the same, and (5) is or was previously produced, disclosed, and/or provided to the receiving party or any non-party without an obligation of confidentiality.

5.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1 Basic Principles. A receiving party may use Confidential material and Attorneys' Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material and Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material and Attorneys' Eyes Only material must be stored and maintained by a receiving

party at a location and in a secure matter that ensures that access is limited to the persons authorized under this order.

Nothing in this Protective Order shall be construed to prevent counsel from advising their client with respect to this case based in whole or in part upon Confidential or Attorneys' Eyes Only material, provided counsel does not disclose the Confidential or Attorneys' Eyes Only material except as provided in this Order.

5.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    attorneys at the law firm of the receiving party's counsel of record in this action, as well as employees of the law firm of counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    up to two (2) in-house counsel, or outside counsel (other than as permitted under section 5.2(a)) of the receiving party to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), are not competitive decision-makers for the receiving party, and who have been disclosed to the producing party a minimum of seven (7) days prior to receiving any "Confidential" information or items to give the producing party a fair opportunity to object, except as otherwise agreed to by the parties.    An authorized recipient under this paragraph can be substituted upon written notification via email to all Producing Parties along with a completed and signed "Acknowledgement and Agreement to Be Bound" (Exhibit A), with the Producing Parties receiving a minimum of seven (7) days in which to respond and/or object to disclosure of "Confidential" information;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgement and Agreement to Be

Bound" (Exhibit A) and who have been disclosed to the producing party a minimum of ten (10) days prior to receiving any "Confidential" information or items to give the producing party a fair opportunity to object, including their support staff to whom disclosure is reasonably necessary for this litigation;

(d)     the Court, court personnel, and court reporters and their staff;

(e)     independent litigation support services, including copy or imaging services retained by counsel to assist in the duplication of confidential material, graphics, or design services, or jury or trial consultant services, including their employees, subcontractors, and mock jurors, provided that provider of said services signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and counsel for the party retaining the service(s) instructs the service provider not to disclose any confidential material to third parties and to return all originals and copies of any confidential material immediately after conclusion of the related service;

(f)     during their depositions, witnesses in the action  to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) provided identification of the witness and identification (by Bates number if applicable) of such information to be disclosed to such witness under this subsection 5.2(f) is made to the producing party at least 48 hours in advance, unless otherwise agreed by the designating party or ordered by the court. Counsel for any producing party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to review or access the Confidential or Attorneys' Eyes Only material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential

or Attorneys' Eyes Only material. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material may not be disclosed to anyone except as permitted under this Order;

(g)  the author or recipient of a document containing information or a custodian or other person who otherwise possessed or knew the information.

5.3 <u>Persons Receiving "CONFIDENTIAL" Information.</u> The persons receiving "CONFIDENTIAL" information may not disclose it to any other person, except in conformance with this Order. Each individual who receives any "CONFIDENTIAL" information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Protective Order.

Counsel who make Confidential Material available to persons set forth in sections 5.2(b) and (c) above shall be responsible for limiting distribution thereof to only those persons authorized under this Protective Order. All copies of Confidential Material disclosed shall be subject to the same restrictions imposed herein on original materials.

5.4 <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the designating party, any document or information marked "Attorneys' Eyes Only" shall not be disclosed or made available to any persons, including parties to this litigation, except the following:

(a)  attorneys at the law firm of the receiving party's counsel of record in this action, as well as employees of the law firm of counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and who have been disclosed to the producing party a minimum of seven (7) days prior to receiving any "Attorneys' Eyes Only" information or items to give the producing party a fair opportunity to object;

(c)     the Court, court personnel, and court reporters and their staff;

(d)     independent litigation support services, including copy or imaging services retained by counsel to assist in the duplication of Attorneys' Eyes Only material, graphics or design services, jury or trial consultant services, and the like, provided that counsel for the party retaining the copy or imaging service(s) instructs the service not to disclose any Attorneys' Eyes Only material to third parties and to immediately return all originals and copies of any Attorneys' Eyes Only material;

(e)     the author or recipient of a document containing the Attorneys' Eyes Only information or a custodian or other personnel who otherwise possessed or knew the information.

5.5 <u>Counsel of the Receiving Party, and Experts and Consultants.</u> The persons receiving "ATTORNEYS' EYES ONLY" information may not disclose it to any other person, except in conformance with this Order. Each individual who receives any "ATTORNEYS' EYES ONLY" information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Protective Order.

Counsel who make Attorneys' Eyes Only Material available to persons set forth in sections 5.4(b) and (c) above shall be responsible for limiting distribution thereof to only those persons authorized under this Protective Order. All copies of Attorneys' Eyes Only Material disclosed shall be subject to the same restrictions imposed herein on original materials.

5.6 <u>Prosecution Bar</u>.  Absent written consent from the designating party, any person associated or affiliated with the parties and permitted to receive a producing party's Confidential or Attorneys' Eyes Only material, who reviews or otherwise learns, in whole or in part Confidential or Attorneys' Eyes Only material under this Order of a technical nature (e.g., schematics, engineering diagrams, blueprints, CAD files, non-public technical

documentation) that has not been publicly disclosed in the ordinary course (e.g., via commercial sale, publication, or disclosure at trial) and has remained confidential to the producing party shall not prepare, prosecute, supervise, participate in, or assist in the preparation or prosecution of any U.S., foreign, or international patent application relating to (a) the patents asserted in this action, (b) any patent application related by claim of priority to any of the patents asserted in this action, (c) any patent application drafted to cover the structures and/or functionality of any products, services, or systems accused by BrainGuard in this action, or (d) any patent application directed to the subject matter of any Confidential or Attorneys' Eyes Only material received by such person, in each case for the pendency of this action and for two (2) years after its conclusion, including any appeals. The parties agree that certain Confidential or Attorneys' Eyes Only information, including without limitation, marketing, financial, and/or business information (e.g., business presentations, market analyses, or sale figures), may in some cases be disclosed to a person without subjecting such recipient to the above prosecution bar. In the event that either party wishes to disclose Confidential or Attorneys' Eyes Only Information to any person who is not then subject to the prosecution bar set forth in this section, the party wishing to make such disclosure must first identify (by Bates number if applicable) the information to be disclosed and the proposed recipient. The parties will then meet and confer regarding the scope of disclosure to such person within five (5) days to resolve the applicability or inapplicability of the prosecution bar to such materials/person, and reasonable restrictions on the person's access to such material.  For the purposes of this paragraph, "prosecution" includes any activity related to the competitive business decisions involving (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  The applicability of this provision is to be determined on an individual-by-individual basis such that an individual attorney who has not received Confidential or

Attorneys' Eyes Only material is not restricted from undertaking any activities by virtue of this provision even if said individual attorney is employed by or works for the same firm or organization as an individual who has received such Confidential or Attorneys' Eyes Only material. However, these prohibitions shall not preclude each party's outside counsel or expert from participating in any *inter partes* review, CBM, or post-grant review proceedings, provided that each party's outside counsel and expert do not participate in any claim drafting or amendment of claims in such proceedings.

5.7 <u>Filing Confidential and Attorneys' Eyes Only Material.</u> Before filing Confidential or Attorneys' Eyes Only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove Confidential or Attorneys' Eyes Only designation, whether the document can be redacted, or whether the a motion to seal or stipulation and proposed order is warranted  L.R. 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.8 <u>Prohibitions Related to GenAI</u>.   All information produced by the parties, including Confidential and Attorneys' Eyes Only information shall not be submitted to any Generative AI tool (e.g., ChatGPT) that is (1) available to the public without a contractual agreement; (2) trains generally on customer data or learns from aggregated customer usage or otherwise across users, customers, or sessions; (3) retains customer data after being queried and returning a response or beyond the current session; or (4)  otherwise retains information submitted to it beyond the current user session.  Any Generative AI tool used with information produced by the parties shall forget the query, response, and customer data used to generate the response immediately after providing the response or upon closing the user session.  Before submitting any Confidential or Attorneys' Eyes Only information to a Generative AI tool, a Receiving Party shall ensure that it (or its vendor) can delete all such Confidential and Attorneys' Eyes Only information from the Generative AI tool at the

conclusion of this matter, including any derivative information. The obligations and restrictions of this paragraph apply even where the Confidential or Attorneys' Eyes Only information has been anonymized.

6.    DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.* to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.* section 6.3 and section 10 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Confidential material or Attorneys' Eyes Only material, respectively.

(b)     Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as Confidential or Attorneys' Eyes Only.  Until expiration of the 15-day period, the entire deposition or hearing transcript shall be treated as Attorneys' Eyes Only.

(c)     Other information produced in some form other than documentary and for other tangible items: the producing party must affix in prominent place on the exterior of the container or containers in which the information or item in stored in the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

6.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the

motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3 <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material or Attorneys' Eyes Only material may be affected.

9.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material or Attorneys' Eyes Only material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (d) request that such person or persons execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify any procedure that may be established in an e-discovery order or agreement that provides for production without prior privilege review. No Party shall be held to have waived any rights by such inadvertent production.  No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the producing party in order for such party to avail itself of the provisions of this section.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.   NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy all confidential material to the producing party, including all copies, extracts and summaries thereof.

Notwithstanding this provision, outside counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts,

correspondence, deposition, and trial exhibits, expert reports, attorney work products, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. The parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter.

The Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have direct control.

12.    EXPERT DISCLOSURE

If any receiving party intends to disclose any Confidential Material or Attorneys' Eyes Only material to any person described in sections 5.2(c) or 5.4(b), the receiving party intending to disclose such Confidential or Attorneys' Eyes Only material shall notify counsel for such producing party in writing, at least ten (10) days before the first such disclosure is made, of the identity of each such person and if an employee, their job responsibilities. If the receiving party intends to disclose any Confidential Material or Attorneys' Eyes Only material to a potential or actual expert witness in this case, the receiving party shall include with its notification to the producing party:

  (a) The full name and professional address and/or affiliation of the expert witness;

  (b) A copy of the form annexed as Exhibit "A" executed by the expert witness;

  (c) An up-to-date curriculum vitae for the expert witness, including education history;

  (d) An identification of all previous or current relationships (personal or professional) with any of the parties, including direct relationships and relationships through entities owned or controlled by the expert witness;

(e) A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition or prepared an expert report.

The provisions in this section shall not be construed as dispensing with the timing or requirements of Federal Rule of Civil Procedure 26(a)(2).

If the producing party objects to such disclosure of Confidential or Attorneys' Eyes Only material, it shall notify the receiving party intending to disclose the Confidential or Attorneys' Eyes Only material in writing of its objection(s) prior to the date on which the disclosure is intended to be made. Should the party intending to make the disclosure disagree with the bases for the objection(s), the parties must first attempt to resolve the objections informally. If the informal efforts do not resolve the dispute within seven (7) days, the party intending to disclose may file a motion after that seven (7) day period has passed requesting that the objection(s) be quashed. The party objecting to disclosure shall have the burden of proof by a preponderance of the evidence on this issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), the Confidential or Attorneys' Eyes Only material shall not be disclosed to any person objected to by such producing party.

13. <u>THIRD PARTY CONFIDENTIAL INFORMATION</u>

The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces confidential information in this lawsuit provided that such third party agrees in writing to be bound by the terms of this Protective Order. A party that seeks confidential information from a third party shall provide, with any subpoena or other governmental process directed to that third party requesting such information, a copy of the Protective Order and written notice informing the third party that it may take advantage of the protections afforded by this Protective Order. An inadvertent failure to provide a copy of this Protective Order shall not constitute a breach of this provision.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any

other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

WHEREFORE, the parties, by and through their respective attorneys of record, hereby jointly submit this Proposed Protective Order.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____        _____
                                       HONORABLE AUTUMN D. SPAETH
                                       U.S. MAGISTRATE JUDGE

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

**IT IS SO STIPULATED,** through Counsel of Record.

Dated: May 21, 2025                    FOLIO LAW GROUP PLLC

                                       By: */s/ Cristofer Leffler*
                                       Cristofer Leffler
                                       1200 Westlake Ave. N. Ste., 809
                                       Seattle, WA 98109
                                       Tel: (206) 880-1802
                                       Email: cris.leffler@foliolaw.com
                                       *Attorney for Plaintiff*


                                       WILMER CUTLER PICKERING
                                       HALE & DORR LLP
                                       */s/ Amy Wigmore*
                                       Amy Wigmore

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

2100 Pennsylvania Ave. NW
Washington, D.C. 20037
Tel: (202) 663-6000
Email:
amy.wigmore@wilmerhale.com
*Attorney for Defendant*

# EXHIBIT A

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

I, _____[print  or  type  full  name],  of
_____ [print or type full address], declare under penalty of perjury that
I have read in its entirety and understand the Stipulated Protective Order that was issued
by  the  United  States  District  Court  for  the  Central  District  of  California  on
_____ [date] in the case of *Brainguard Technologies, Inc., v Revelyst
Sales LLC.,* Case No. 8:24-cv-02652-JWH-ADS. I agree to comply with and to be bound
by all the terms of this Stipulated Protective Order and I understand and acknowledge that
failure  to  so  comply  could  expose  me  to  sanctions  and  punishment  in  the  nature  of
contempt. I solemnly promise that I will not disclose in any manner any information or
item that is subject to this Stipulated Protective Order to any person or entity except in
strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the
Central  District  of  California  for  the  purpose  of  enforcing  the  terms  of  this  Stipulated
Protective  Order,  even  if  such  enforcement  proceedings  occur  after  termination  of  this
action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____